

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# Joseph v. Comm PA Dept Env

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4259

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Joseph v. Comm PA Dept Env" (2009). *2009 Decisions.* Paper 1911.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1911

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4259
_____

KURIAKOSE T. JOSEPH,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT
OF ENVIRONMENTAL PROTECTION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-4916)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:   McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed: February 6, 2009)
_____

OPINION
_____

_____

   *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

PER CURIAM

The United States District Court for the Eastern District of Pennsylvania dismissed plaintiff Kuriakose T. Joseph's Title VII discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because he failed to timely exhaust his administrative remedies. In order to preserve his claim under Title VII, Joseph was required to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the last challenged act by his employer, Pennsylvania's Department of Environmental Protection. Joseph submitted an intake questionnaire to the EEOC within the 300 day period but did not file his EEOC charge until the statutory period had expired. After the District Court dismissed his case and denied his motion for reconsideration, Joseph filed this appeal.[1]

Following the dismissal, the Supreme Court decided *Federal Express Corp. v. Holowecki*, 128 S.Ct. 1147 (Feb. 27, 2008), in which it concluded that, in some instances, an intake questionnaire may constitute a charge under the Age Discrimination in Employment Act.

On Appeal, Joseph claims that the intake questionnaire that he submitted to the EEOC within the statutory period, and which is not a part of the District Court record, constitutes a charge pursuant to the Supreme Court's decision in *Holowecki*. In light of these developments, we will vacate the portion of the District Court's order dismissing

---

[1] The District Court dismissed other claims advanced by Joseph, but Joseph has only appealed the dismissal of his Title VII claim.

Joseph's Title VII claim, as well as the order denying reconsideration of that dismissal, and remand this action for the District Court to examine Joseph's intake questionnaire and determine in the first instance what impact, if any, *Holowecki* has on the Title VII claim.